# Court of Appeals
# of the State of Georgia

ATLANTA, March 25, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0413. KAYLISSE TAYLOR v. 3001 NORTHEAST EXPRESSWAY OWNER (GA), LLC d/b/a VERDANT PEACHTREE CREEK.**

3001 Northeast Expressway Owner (GA), LLC d/b/a Verdant Peachtree Creek ("Verdant") filed a dispossessory action against Kaylisse Taylor in magistrate court. On March 11, 2026, the magistrate court granted Verdant a writ of possession and Taylor filed this application for discretionary appeal on March 13, 2026. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023) (citation modified). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b).

To the extent this filing may be construed as an notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of DeKalb County with direction to transmit it to the state or superior court of DeKalb County for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 03/25/2026

> *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

> *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in state court is limited by the dearth of information. Thus, our ruling should not constrain either the magistrate court or the state court to the extent those courts determine either that Taylor has not perfected her right to appeal or that jurisdiction lies elsewhere.